GUSTAV W. EYLER
Director
WEI XIANG
MEREDITH HEALY
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC  20044
Tel: (202) 532-4140; Fax: (202) 514-8742
Wei.Xiang@usdoj.gov
Meredith.B.Healy@usdoj.gov

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
MINA CHANG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6055 / Fax: 702.388.6418
mina.chang@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00235-APG-EJY |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| HAROLD DAVID SOBEL, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, Gustav Eyler, Director of the Department of Justice Consumer Protection Branch, Wei Xiang and Meredith Healy, Trial Attorneys, Christopher Chiou, Acting United States Attorney for the District of Nevada, Mina Chang, Assistant United States Attorney, and Defendant Harold David Sobel,

and his counsel, Rene Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information ("PII"), such as names, addresses, and bank account numbers, of victims and other third parties in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. The charges in this case are based in part on allegations that the defendant conspired to deceive banks about accounts that the defendant opened, in the District of Nevada in October 2019, for a co-conspirator referred to in the Indictment as CC-1. In a civil complaint filed under 18 U.S.C. § 1345 in the Central District of California, the government has alleged that the defendant, and others, participated in a bank fraud scheme involving, among other things, unauthorized debits against consumer-victims' bank accounts. <u>United States v. Internet Transaction Services, Inc., et al.</u>, 2:21-cv-06582 (C.D. Cal.) (the "Injunctive Matter").

2. The government intends, in this case, to voluntarily produce discovery materials that cover some or all allegations in the Injunctive Matter. PII makes up a significant part of those materials and such information itself, in many instances, has evidentiary value. Redacting all of the PII will result in the defense receiving a set of discovery materials that may be confusing and difficult to understand, and may make it challenging for defense counsel to adequately evaluate the case, provide advice to defendant, and prepare a defense.

3. However, a crime victim has the right to be treated "with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). "In any court proceeding involving an offense

against a crime victim, the court shall ensure that the crime victim is afforded" such right to privacy, among other rights. § 3771(b)(1).[1]

4. Subject to the conditions listed herein, the government agrees to provide Protected Documents without redacting the PII. The government agrees that any discovery that does not contain PII, or in which all PII has been redacted, is not subject to the terms of this Protective Order. The government agrees to designate, in the file name, in the material itself, or in an accompanying cover letter, Protected Documents with a "CONFIDENTIAL" or "Subject to Protective Order" label. The government further agrees to separate, where practical, production of materials that are not subject to the Protective Order.

5. Access to Protected Documents will be restricted to persons authorized by the Court, namely the defendant, attorney(s) of record and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorney(s) of record or performing on behalf of defendant.

6. The following restrictions will be placed on defendant, defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. The defendant, defendant's attorneys and the above-designated individuals shall:

    a. Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and will take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

---

[1] The parties invoke this principle without asserting whether the groups of consumer-victims alleged in the Injunctive Matter are "crime victims," as defined in 18 U.S.C. § 3771(e)(2)(A), for the currently charged offenses in this case against the defendant.

3

        b.      Not knowingly allow any other person to read the Protected Documents and will take reasonable steps to prevent any person that is not an authorized person to read the Protected Documents; and,

        c.      Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the Indictment or any superseding indictment or information arising out of this case.

      7.      Defendant's attorneys shall inform any person, to whom they disclose the Protected Documents or to whom they know the defendant has disclosed the Protected Documents, of the existence and terms of this Court's order. Further, the defendant's attorney shall take reasonable measure to inform any person, to whom disclosure may be made pursuant to this order, of the existence and terms of this Court's order.

      8.      No party shall file Protected Documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or the PII is redacted. The procedures for use of Protected Documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting Protected Documents to remove PII and requesting that any exhibit containing PII be placed under seal. No party shall disclose Protected Documents in open court without prior consideration by the Court.

      9.      By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, the defendant shall return to defense counsel any and all copies of Protected Documents furnished to defendant.

      10.      By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons or others defense counsel

has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office.

11. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of Protected Documents in defense counsel's possession, including copies of Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

GUSTAV W. EYLER
Director, Consumer Protection Branch

*/s/ Meredith Healy*            9/10/21
WEI XIANG            DATE
MEREDITH HEALY
Trial Attorneys

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Mina Chang*            9/10/21
MINA CHANG            DATE
Assistant United States Attorney

*/s/Nisha Brooks-Whittington*            9/9/21
NISHA BROOKS-WHITTINGTON            DATE
Counsel for Harold David Sobel

*/s/Harold David Sobel*            9/9/21
HAROLD DAVID SOBEL            DATE

**ORDER**

IT IS SO ORDERED this 10th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE