✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

JULY 14, 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-235-APG-EJY |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| HAROLD DAVID SOBEL, | |
| Defendant. | |

This Court finds Harold David Sobel pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344(1) and 1349. Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Harold David Sobel agreed to the imposition of the in personam criminal forfeiture money judgment of $182,000 set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. __; Plea Agreement, ECF No. __; Change of Plea, ECF No. __.

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344(1), or 18 U.S.C. § 1349, conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offense; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. § 1344(1), affecting a financial institution, or 18 U.S.C. § 1349,

conspiracy to violate; and (4) any real or personal property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1344, or of 18 U.S.C. § 1349, conspiracy to commit such offense and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p).

This Court finds that Harold David Sobel shall pay an in personam criminal forfeiture money judgment of $182,000 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $22 million pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) and *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Harold David Sobel an in personam criminal forfeiture money judgment of $182,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____July 14_____, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE