UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:21-cr-00235-APG-EJY |
|---|---|
| Plaintiff | **Order Denying Motion for Release Pending Sentencing** |
| v. | |
| HAROLD DAVID SOBEL, | [ECF No. 55] |
| Defendant | |

Harold Sobel pleaded guilty to conspiracy to commit bank fraud and is awaiting sentencing. He moves for release pending his sentencing hearing. ECF No. 55. I deny his motion.

The applicable sentencing guidelines recommend that Sobel be sentenced to a term of imprisonment. Therefore, he must be detained pending sentencing unless I find by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety" of anyone. 18 U.S.C. § 3143(a)(1). Magistrate Judge Ferenbach previously ordered Sobel detained as a flight risk based on his lack of stable employment, lack of stable residence, and prior criminal history. ECF No. 17. Sobel is a resident of Ukraine, does not have a residence or job in the United States, entered the United States to facilitate committing a crime, and was about to leave the United States at the time he was arrested. He admits to engaging in a sophisticated scheme to swindle funds from banks using the internet. ECF No. 52 at 7-12. Sobel's risk of flight has only increased now that he has been convicted and his sentencing is assured. Although his wife and sons are attempting to relocate to Nevada from Ukraine, they remain abroad. ECF No. 73 at 2 n.2. Sobel has not shown by clear and convincing evidence that he is no longer a flight risk, so he is not eligible for release under § 3143(a)(1).

Sobel seeks release under 18 U.S.C. § 3145(c), which allows the release of a detainee "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." But that statute applies to defendants being detained under 18 U.S.C. § 3143(a)(2) or (b)(2). Sobel is detained under 18 U.S.C. § 3143(a)(1), so § 3145(c) does not apply.

Even if I considered Sobel's request under § 3145(c), I would not find exceptional circumstances to justify his release. When Sobel was initially booked into the Nevada Southern Detention Center (NSDC), he reported a history of diabetes, high blood pressure, stomach problems, and high cholesterol. ECF No. 71 at 2-3. Based on the information submitted by the parties, it is apparent that Sobel is not taking care of himself while detained at NSDC. *See* ECF Nos. 63, 71. He has refused to take medications, he has refused blood checks, he took himself off the special diabetic diet, he has refused to attend medical appointments, he has repeatedly purchased food at the commissary that is bad for his health, and he allegedly told medical personnel that it would be better for his case if his blood tests were not completed. ECF No. 71-1 at ¶18.

Prior to being detained, Sobel was not under the care of a physician or a chronic care clinic for any of his infirmities. *Id.* at ¶ 13. There is no reason to believe that would change if he were released from custody. Thus, despite his perceived inadequacies in the care he is receiving, it is better care than what he afforded himself before his detention. I do not find exceptional circumstances to justify Sobel's release pending sentencing.

I THEREFORE ORDER that defendant Harold Sobel's Motion for Release Pending Sentencing **(ECF No. 55) is DENIED**.

DATED this 20th day of September, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE